# IN THE UNITED STATES COURT OF APPEALS
# FOR THE 8TH CIRCUIT COURT

UNITED STATES, APPELLEE

V.

LEONARD HASKINS, APPELLANT

On Appeal from the

U.S. District Court for the Eastern Division of Arkansas – Northern

Honorable Lee Rudofsky

## BRIEF OF THE APPELLANT

Prepared by:

ATTORNEY FOR THE APPELLANT
Darrell F. Brown, Jr. (2007-030)
The Law Office of Darrell F. Brown, Jr., PLLC
10515 W. Markham, Ste. H1
Little Rock, AR 72205
(501) 823-0614 (T)
(501) 632-7700 (F)
Darrell@dfbrownjrlaw.com

## SUMMARY OF THE CASE

This is an appeal from the conviction of Leonard Haskins for Felon in Possession of a Firearm, in violation of 18 U.S.C. 922(g)(1). That the Appellant was indicted on four counts: (1) Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §922(g)(1). (2) Possession with Intent to Distribute Methamphetamine under 21 U.S.C. §841(a)(1) and (b)(1)(C); Possession to Distribute a Marijuana under 21 U.S.C. §841(a)(1) and (b)(1)(D); U.S.C.846; (3) Possession of a Firearm in furtherance of a Drug Trafficking crime, under 18 U.S.C. §924(c)(1)(A). (R.Doc. 1) The Appellant pled guilty to Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §922(g)(1) on December 16, 2022 (R.Doc. 45-47), and was sentenced to 120 months in the Bureau of Prisons on May 16, 2023.(R.Doc. 51; Add. 1) Mr. Davis filed a timely appeal on March 23, 2023. (R.Doc. 53; Add. 8)

Appellant does not request oral argument in this matter.

# TABLE OF CONTENTS

SUMMARY OF THE CASE……………………………………………………..i

TABLE OF AUTHORITIES………………….…………………………….. iii

JURISDICTIONAL STATEMENT……..…………………………………...1

STATEMENT OF ISSUES…………………………………………………..2

STATEMENT OF THE CASE…………………………………………….3

SUMMARY OF THE ARGUMENT…………………………………………4

ARGUMENT…………………………………………………………....5

STANDARD OF REVIEW……………………………………...............5

BACKROUND……………………………………………………………6

ARGUMENT………………………………………………………..12

I. THE DISTRICT COURT ABUSED ITS DISCRETION………........................12
IN UNREASONABLY SENTENCING THE
APPELLANT TO AN EXCESSIVE SENTENCE
SIGNIFICANTLY ABOVE THE GUIDELINE
RANGE SET OUT BY THE ADVISORY SENTENCING
GUIDELINES.

CONCLUSION……………………………………………………...18

CERTIFICATE OF SERVICE…………………………………………21

CERTIFICATE OF COMPLIANCE…………………………………..22

TABLE OF AUTHORITIES

Case Law:

Brian Michael Gall v. United States, 128 S.Ct. 589 p.594 – 596 (2007)…7, 13, 14

United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009)……………………..14

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621………..6

United States v. Ruvalcava-Perez, 561 F.3d 883 (8th Cir. 2009)…………14, 19, 20

United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009)………………………6

Statutes:

21 U.S.C. 841…………………………………………………………………1,6

21 U.S.C.846…………………………………………………………………..1,6

18 U.S.C. 924(c)………………………………………………………………1,6

28 U.S.C. § 1291………………………………………………………………1

18 U.S.C. § 3231………………………………………………………………1

18 U.S.C. 3553(a)…………………………………………………6, 8,10,11,18,19

## JURISICTIONAL STATEMENT

The Appellant, Mr. Haskins was indicted on four counts: (1) Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §922(g)(1).  (2) Possession with Intent to Distribute Methamphetamine under 21 U.S.C. §841(a)(1) and (b)(1)(C); (3) Possession to Distribute a Marijuana under 21 U.S.C. §841(a)(1) and (b)(1)(D); U.S.C.846; (4) Possession of a Firearm in furtherance of a Drug Trafficking crime, under 18 U.S.C. §924(c)(1)(A).  Jurisdiction in the trial court was based on 18 U.S.C. § 3231, as Mr. Haskins was charged with an offense against the laws of the United States. The Appellant pled guilty on December 16, 2022 to Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §922(g)(1). (R.Doc.45-47) Sentence was imposed on May 16, 2023. (R.Doc. 51; Add. 1) Mr. Haskins filed a timely appeal on May 23, 2023. (R.Doc. 53; Add. 8)

This court's jurisdiction is based on 28 U.S.C. §1291, which provides for jurisdiction over a final judgment from a United States District Court.

## STATEMENT OF ISSUES

That the District court abused its discretion by imposing an excessive sentence which was significantly above the advisory guideline range for the offense not justified by the factors set out in 18 U.S.C. Sec. 3553.

Most Apposite Cases:

<u>Brian Michael Gall v. United States</u>, 128 S.Ct. 589 p.594 – 596 (2007)

<u>United States v. Barrett</u>, <u>552 F.3d 724, 727</u> (8th Cir. 2009)

<u>United States v. Ruvalcava-Perez</u>, 561 F.3d 883 (8th Cir. 2009)

<u>United States v. Tomko</u>, 562 F.3d 558, 568 (3d Cir. 2009)

## STATEMENT OF THE CASE

The Appellant, Mr. Haskins was convicted of one count of Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §922(g)(1) on December 16, 2022. Pursuant to the plea agreement the Appellant reserves the right to appeal the sentence if the Appellant makes a contemporaneous objection because the sentence imposed is above the guideline range that is established at sentencing. [Emphasis added]

At the sentencing hearing before the Honorable Lee P. Rudofsky. on March 18, 2023, the court, after arguments by the United States and counsel for the Appellant and inquiry of the court, the Court sentenced the Appellant Mr. Haskins to a term one hundred twenty (120) months imprisonment, an upward variance of sixty-three (63) months from the top end of the advisory guideline sentencing range (46-57 months); three (3) years supervised release; $100 special penalty assessment. That the District court judge abused his discretion by imposing a sentence which was significantly above the guideline range for the offense at the maximum set by the statute that defines the count to which he pled in issuing the Sentencing Order in this case on March 18, 2023. (Add. 1) The appellant timely filed his notice of Appeal following the entry of the sentencing order.(Add. 8) It is from that sentence imposed that the Appellant now appeals. Appellant does not request oral argument.

## SUMMARY OF THE ARGUMENT

The District Court abused its discretion in unreasonably sentencing the

Appellant to an excessive sentence significantly above the guideline range set out

by the Advisory Sentencing Guidelines when the court made a decision to vary

upward based upon the courts assessment of the factors under 18 U.S.C. 3552.

# ARGUMENT

## *STANDARD OF REVIEW*

While the extent of the difference between a particular sentence and the recommended Guidelines range is relevant, courts of appeals must review all sentences—whether inside, just outside, or [128 S.Ct. 590] significantly outside the Guidelines range—under a deferential abuse-of-discretion standard. Because the guidelines are now advisory, appellate review of sentencing decisions is limited to determining whether they are "reasonable," United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and an abuse-of-discretion standard applies to appellate review of sentencing decisions. A district judge must consider the extent of any variance from the Guidelines and must explain the appropriateness of an unusually lenient or harsh sentence with sufficient justifications. An appellate court may take the degree of variance into account and consider the extent of a deviation from the Guidelines, but it may not require "extraordinary" circumstances or employ a rigid mathematical formula using a departure's percentage as the standard for determining the strength of the justification required for a specific sentence. Such approaches come too close to creating an impermissible unreasonableness presumption for sentences outside the Guidelines range. The mathematical approach also suffers from infirmities of application. And both approaches reflect a practice of applying a heightened standard of review to sentences outside the Guidelines range, which is inconsistent with the rule that the

abuse-of-discretion standard applies to appellate review of all sentencing decisions—whether inside or outside that range. Gall v. United States, 128 S.Ct. 589 p.594 – 596 (2007).

"Ultimately, '[t]he touchstone of "reasonableness"' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) A variance is a sentence imposed outside the applicable guideline range based upon the statutory sentencing factors found at 18 U.S.C. § 3553(a). Gall v. United States, 128 S.Ct. 589 (2007).

## BACKGROUND

That the Appellant, Leonard Haskins was indicted on four counts: (1) Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §922(g)(1). (2) Possession with Intent to Distribute Methamphetamine under 21 U.S.C. §841(a)(1) and (b)(1)(C); (3) Possession to Distribute a Marijuana under 21 U.S.C. §841(a)(1) and (b)(1)(D); U.S.C.846; (4) Possession of a Firearm in furtherance of a Drug Trafficking crime, under 18 U.S.C. §924(c)(1)(A). Mr. Haskins remained in detention from his arrest on September 9, 2021 through his sentencing on March 18, 2023 and remains in custody of the Bureau of Prisons. That the presentence report for the Appellant was prepared in this matter and set out, among other

things, the advisory guideline range for the offense to which Mr. Haskins plead which was determined at sentencing to be forty-six (46) to fifty-seven (57) months.

At the sentencing hearing for the Appellant his trial counsel advised the court of the Appellant's medical issues, family connections to the state and set out the position of the Appellant requesting a low end of the guideline sentence. (Sentencing Hearing Tr. 14-15) The major contention at sentencing focused around the prior criminal history of Mr. Haskins and its relation to his plea of guilty to the felon in possession of a firearm and ammunition charge. (Sentencing Hearing Tr. 16-17) As a background the pre-sentence report set out the full criminal history of the appellant. To note, the Appellant, prior to the entry of his plea in this matter, had two prior felony convictions; the first was a conviction for murder in 1993, when the Appellant was 16 years old and the second being a conviction for possession of two bullets in a 2008 Kansas federal indictment. The court in its discussion with counsel focused on the 1993 and 2008 convictions and a misdemeanor conviction for domestic battery in 2009. The court in discussing the convictions of the Appellant and specifically the allegations contained in the PSR and he was not just a "run of the meal" felon because of his murder conviction connecting that crime to his 2008 conviction for possession of ammunition and of course the present matter regarding his possession of firearms or ammunition. (Sentencing Hearing Tr. 17-19) Counsel for the Appellant focused

on the Appellant's minimal felony criminal history, of his prior convictions only 1 felony was fir a violent offense and his only drug offense was a misdemeanor possession of marijuana charge. The PSR points out that Mr. Haskins in fact had two prior felony convictions, six (6) prior misdemeanor convictions, the majority of which were traffic-related, one drug-related misdemeanor in 2009 and a 2008 misdemeanor domestic battery conviction. Prior to the 2008 misdemeanor domestic battery conviction, the only other violent felony of the Defendant was the 1993 murder conviction, in which the Appellant served approximately twelve (12) years in the State penitentiary, a sentence the Appellant began serving at age sixteen (16). As it relates to the remaining felony conviction it was a conviction for possession of ammunition, which consisted of two bullets found jn a jacket in car occupied by the Appellant, in violation of felon in possession laws. Counsel in addressing the courts concerns at the sentencing hearing pointed out, in part, that the only violent felony on the Appellant's record was over 30 years ago and committed while the Appellant was a minor and the only other conviction involving violence was the misdemeanor domestic violence conviction in 2009, which occurred shortly before his plea and sentencing in the 2008 Federal Possession of Ammunition case.(Sentencing Hearing Tr. 26-29) I essence counsel presented to the court a Defendant with two (2) felony convictions, minimum misdemeanor history and that the present matter was the defendants only serious

drug possession case. Other than the circumstances of the Appellants 1993 conviction there were no other odd or overwise aggravating circumstances to any of the cases to which the Appellant had plead. The court addressed numerous arrests of the Appellant, all of which resulted in nolle prosses from the respective jurisdictions but acknowledged they would have little to no effect on his decision. (Sentencing Hearing Tr. 30-31). Counsel requested the court sentence the appellant to a low end of the advisory sentencing guideline range.

The court began its inquiry on the United States decision not to pursue an upward variance in this matter and indicated it would be based primarily on the Appellants criminal history and stated his belief before sentencing that this case was "really, really miscalculated".(Sentencing Hearing Tr. 30)

The court inquired as to the United States decision not to seek an upward variance. The United States requested a high end of the guideline sentence and indicated that though the United States was surprised by the advisory guideline sentence it reasoned it was based upon the Appellant's minimal felony convictions, the application of the advisory guidelines and their belief that the guideline sentence was the appropriate sentence as their reason for not requesting an upward variance. Further as though they did not wish to seek the upper variance they did believe they reason to ask for the highest end of the advisory guideline range due to the Appellants prior felony history, including the 1993 murder and his

misdemeanor conviction for violence towards women and additionally minimal concern over several nolle prossed and a pending matters against the Appellant. The United States clearly noted that they could not prove by preponderance of the evidence that any of the un-litigated accusations were true.( Sentencing Hearing Tr. 34-36). The court additionally agreed that the arrests and non-convictions were not going to factor into the court's decision.(Sentencing Hearing Tr. 36).

The court discussed the imposition of its eventual sentence relied upon the factors in 18 USC Sec. 3553 in determining the needs of very upward from the guidelines stating that the guidelines are there to give the defendants a sort of general range of sentence that might be fair over a large number of courtrooms, in a large number of places in the country and they try to take the judges individual quirks out of the process, stating clearly that it doesn't mean he must agree and in cases in which the other factors are so clear they necessitate a different sentence they should lead the judge to a different sentence. (Sentencing Hearing Tr. 40). The court focused primarily on four considerations of 3553: the nature of the offense, the history and characteristics of his past convictions, specific deterrence and protection of the public.

As it related to the nature of the offense and his criminal history and characteristics, the court pointed out the Appellant's possession of a gun and Illegal drugs in the present matter despite his previous two felony convictions and felt that

alone would push the sentence to the high end of the advisory guideline sentence. As it related to the goal of specific deterrence and protection of the public and promotion for the respect of the rule of law the majority of the court's reasoning on this issue dealt with the specifics of the 1993 murder conviction, the length of sentence the Appellant served, his conviction for possession of ammunition in 2008 and that those measures did not specifically deter him and that what the court sees in his criminal history is somebody who has repeatedly committed dangerous acts including acts of violence and somebody who if they lost control again could hurt somebody with the weapon that the court believes he would have again once he left prison. As a result the court felt that a guideline sentence in this matter would not specifically deter him from possessing a weapon in the future. (Sentencing Hearing Tr. 42-43). Lastly, the court stated expressed concern for the general public and whether intentionally or just due to "acting out" the Appellant could lash out again at some point and that he would possess a weapon and you said the weapon. (Sentencing Hearing Tr. 43-44)

As a result the District Court determined that a sentence consistent with the advisory guideline range would not sufficiently serve the purposes of Sec. 3553 and sentenced the Appellant to the statutory maximum of one hundred twenty (120) months in the Federal Bureau of Prisons.(R.Doc. 51; Sentencing Hearing Tr. 43-45)

**ARGUMENT**

*THE DISTRICT COURT ABUSED ITS DISCRETION IN UNREASONABLY SENTENCING THE APPELLANT TO AN EXCESSIVE SENTENCE SIGNIFICANTLY ABOVE THE GUIDELINE RANGE SET OUT BY THE ADVISORY SENTENCING GUIDELINES.*

The Court's opinion in <u>Gall v. United States</u> provided guidance for District judges in imposing sentences and for appellate judges in reviewing the reasonableness of such sentences; a district judge must give proper consideration to all of the 18 U.S.C. § 3553(a) factors and may not simply presume that the applicable Guidelines range is reasonable. If the judge decides that a non-Guidelines sentence is appropriate, he or she must "ensure that the justification is sufficiently compelling to support the degree of the variance" and must adequately explain why the sentence was chosen in order to allow for meaningful appellate review. <u>Gall v. United States</u>, 552 U.S. 38 (2007)

"The only question for the Circuit was whether the sentence was reasonable, i.e., whether the District Judge abused his discretion in determining that the § 3553(a) factors supported the sentence and justified a substantial deviation from the Guidelines range." <u>Gall v. United States</u>, 552 U.S. 38 (2007)

As stated in the <u>Gall</u> case the court must consider the traditional factors in 18 U.S.C. Sec. 3553(a), namely,(1) the nature and circumstances of the offense and the history and characteristics of the Appellant; (2) the need for the sentence

imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense and to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the Appellant; and(4)to provide the Appellant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. From that determination the court should apply a sentence in the range advised unless inappropriate to achieve those aims.

"[W]e review the reasonableness of the sentence, giving due deference to the lower court for any variance imposed." *United States v. Barrett*, 552 F.3d 724, 727 (8th Cir. 2009). When reviewing the reasonableness of a non-guideline sentence, we may consider the degree of the variance, but we cannot require extraordinary circumstances to justify the sentence. *See Gall*, 128 S.Ct. at 594-95. United States v. Ruvalcava-Perez, 561 F.3d 883 (8th Cir. 2009)

In Ruvalcava, the Appellant, amassed seventeen (17) criminal history points as a part of a criminal history review and that the criminal history category of six (6) significantly underrepresented his actual criminal history and the likelihood of recidivism.  It further focused on the repeated domestic batteries and extensive violent criminal history to vary upward forty-eight (48) months stating:

"The court based this variance on Ruvalcava-Perez's history of violence against women, the extent and frequency of his prior violent conduct, his "total disregard for the law," and the need to protect society. *See* 18 U.S.C. § 3553(a)(1), (2)(C)." Id.

In that case it was not only the United States position but that of the District Court that the extensive and frequent prior violent history and total regard for the

law necessitated an upward variance which amounted to an approximately one third increase in the defendant's time of incarceration. It is for those type matters of a clear repeated violent history That the variance process was created Not for persons with minimal prior felony criminal history and certainly not for those who have not shown themselves in a more extensive manner to be violent.

The Appellant contends that the district court erred in this decision to vary upward at the sentencing of the Appellant, pronouncing a sentence at the sentencing hearing to the statutory maximum of one hundred twenty (120) months, an upward variance of over sixty-three months above the advisory range of forty-six (46) to fifty-seven (57) months.

It was apparent at the outset of the sentencing, that the courts main concerns dealt with the advisory guideline range set out in the presentence report ("PSR"), and the criminal history of the Appellant. The Appellant plead guilty to being a Felon in possession of Firearm and an enhancement to his advisory guideline number was added relating to possession of that firearm in connection with a drug offense. It is important to note that, apart from his matter the Appellant's only other conviction involving drugs was a 2009 misdemeanor conviction for possession of marijuana. In addition, Mr. Haskins only other crime of violence apart from his 1993 murder conviction was a 2009 misdemeanor domestic battery. Overall, the Appellant has a rather short criminal conviction record. The

PSR in this matter, as most PSR's sets out other arrests and pending cases, and the Appellant would admit that he has been arrested numerous, but as was pointed out before the District Court, the vast amount of those arrests did not result in a conviction, and include one acquittal, and a number of nolle prossed cases.

The court's decision to vary upward was based on considerations, and the reasons set forth in the above background which focuses primarily on the PSR's criminal history and the courts belief that the Appellant is not only not a run-of-the-mill defendant, but is one of the types of defendants to whom a more serious punishment should be applied.  (Sentencing Hearing Tr. 17-19)

The sentencing guidelines, like the sentencing chart, looks at the type of offenses committed and the criminal history of the defendants, as well as the sentences of similarly situated defendants in formulating the advisory, guideline range of imprisonment.

In the present matter, Appellant contends that the nature of his offenses, length of time between the same and his relatively small amount of criminal history are relevant and should be considered by the court in his determination and as applied by the sentencing guidelines.  The appellant however believes that in his particular case the court in considering a number of factors to include his age at the time of his initial felony offense, the lack of serious drug felony history or activity prior to the present matter, the lack of recent violent felony history and his single

violent misdemeanor are indications that Mr. Haskins is in fact, the type of defendant to whom the sentencing guidelines and the considerations contemplated in coming to establish the advisory guideline range should apply.

The courts arguments on his upward variance boiled down to the courts concerns on nature and circumstances of the offenses, deterence and protection of the public.  However, outside of the murder conviction in 1993, the Defendants only offenses involving violence was the misdemeanor domestic battery conviction in 2009.  Outside of those convictions there are no other convictions that involve any harm to the public not anticipated by the federal sentencing guidelines.  And as it relates to deterrence a review of the defendants criminal history, leaving out nolle prossed, acquitted or listed pending cases, reveals that all of his criminal history of convictions occurred either in 1993, which was 30 years ago, when the appellate was 16 years old or during 2008 and 2009 when the Appellant  picked up the ammunition charge and during the pendency of that charge, the misdemeanor domestic battery and marijuana charges.  Since his release in 2013 from those matters the defendant conviction history is bear.  The court stated based upon the Appellant's  "PSR, somebody who has repeatedly committed dangerous acts, including serious acts of violence…and somebody who if they lost control again, could hurt somebody with the weapon that I believe they will have after they get out of prison."( Sentencing Hearing Tr. 43)

The Appellant disagrees and is set forth above and in the PSR if you rule out the 1993. The only other violent conviction is a misdemeanor conviction in 2009 and no subsequent convictions have occurred. In addition the court agreed that it was significant that the Appellant did go a significant amount of time without issues between his last felony conviction in 2009 and the one (1) month relevant period of this indictment in 2021.(Sentencing Hearing Tr. 25)

In all the PSR and specifically the defendant's criminal history, viewed with minimal or no consideration for the nolle prossed arrests or pending matters as the court set out, The Appellants history does not present a defendant with a recurrent history of convictions of violence to the general public or involvement and drug related offenses different from that of the majority of federal criminal defendants contemplated by the federal sentencing guidelines.

In each of his convictions the Appellant served his sentences in each of the felony and each of the misdemeanors set out in the presentence report. While the Appellant agrees that his charge of murder was a serious crime, he should not be sentenced in this matter clearly, upon the material facts of his 1993 conviction a conviction that clearly stands apart from the other matters on his record. The a Assistant United States attorney also stated she considered the minimal amount of criminal history and the remoteness of the 1993 conviction as the reasonings for their decision not to pursue upward variance. And further stated that the United

States decision to ask for the upper end of the guideline sentence was, in fact, based upon a consideration of the 1993 murder conviction and concern regarding any propensity to violence, drawn from the appellant's misdemeanor domestic battery conviction in 2009 and still decided against the decision to vary upward.

CONCLUSION

In conclusion, the District court was well within its means to consider whether a upward variance would be appropriate in this matter however it was the position of the Appellant and the position of the United States at the time of sentencing that all of the factors in and surrounding the Appellant's criminal history and 18 USC Sec. 3553 were considered by the United States Sentencing Commission and that the Appellant's criminal history, the lack of an extensive history of repeated violent or drug offenses as set out in the PSR do not show a person who is repeatedly in violent situations or would offend violently by looking at his criminal history and definitely not to the extent that a variance more than double the advisory sentence range. This matter is more akin to the anticipated Defendant facing these charges, especially considering the prior conviction, these are the types of considerations that the advisory guidelines were set up to ensure consistency in sentencing across the United States as it relates to similar defendants. In the Ruvalcava-Perez case where the defendant's Criminal history and the nature and circumstances of his offenses were unique in the number of

offenses, repetition of and type of violence in those offenses and resulted in an upward variance of only 1/3 of his advisory range, approximately sixty (60) months. The Appellant's felony history is nothing like that of the defendant in Ruvalcava-Perez in any of those ways. Over the course of the thirty (30) years since his 1993 conviction and excluding his conviction in this matter, the Appellant has committed one (1) felony, several traffic violations and one (1) misdemeanor domestic violence conviction a far cry from the issues surrounding the Ruvalcava-Perez upward variance. Outside of his murder conviction and this matter the PSR sets out he had maintained employment prior to his current arrest, been a model inmate at his detention center over the past twenty (20) plus months has family in the area for support. As such the guideline sentencing this matter will have been sufficient to achieve goals of 18 USC Section 3553 and provide for outcome to benefit the public and hold the Defendant responsible. The court's addition of sixty(60) months to the advisory guidelines sentencing range of the Appellant was unreasonable and the court erred in its upward variance of the Appellant's sentence.

It is for these reasons the Appellant asks that this court reverse the District courts sentencing order of one hundred twenty (120) months, that the Appellant be re-sentenced within the advisory guideline range and for all other just and proper relief.

RESPECTFULLY SUBMITTED,

By: /S/ DARRELL F. BROWN, JR.
Darrell F. Brown, Jr. (2007-030)
The Law Office of Darrell F. Brown, Jr., PLLC
10515 W. Markham, Ste. H1
Little Rock, AR 72205
(501) 823-0614 (T)
(501) 632-7700 (F)
Darrell@dfbrownjrlaw.com

**CERTIFICATE OF SERVICE**

I, Darrell Brown Jr., do hereby certify that on August 18, 2023, I electronically filed the foregoing with the clerk of court using the CM/ECF system and notification to all parties noticed in this matter and to the Defendant via U.S. mail.

/S/ DARRELL F. BROWN, JR.
Darrell F. Brown, Jr.

## CERTIFICATE OF COMPLIANCEWITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This is to certify that the Appellant's brief filed in this matter complies with the word limit of FRAP because, excluding the parts of the document exempted by FRAP 32(f) and FRAP 27(d) (2) (A), the brief contains 4,809 words. This document complies with the typeface requirements of FRAP 32(a) (5) and the type-style requirements of FRAP 32(a) (6) in that this motion was created in a proportionately spaced Times New Roman typeface with font size of 14 using Microsoft Word.

/S/ DARRELL F. BROWN, JR.
Darrell Brown, Jr. (ARBar 2007-030)
Attorney for Appellant
The Law Office of Darrell F. Brown, Jr., PLLC
10515 W. Markham, Ste H1
Little Rock, AR 72205
(501) 823-0614/ (501) 632-7700(F)
darrell@dfbrownjrlaw.com